## RAYMOND ASHWOOD v. STATE.

No. A-6330. Opinion Filed Dec. 8, 1928.
(272 Pac. 385.)

M. D. Hartsell, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Muskogee county on a charge of having possession of whisky mash, and was sentenced to serve 30 days in the county jail and to pay a fine of $150.

It appears from the record that on January 13, 1926, a deputy sheriff went to a farm about 10 miles from Muskogee upon which no one resided and the ownership of which does not appear. No one was there at the time, and the officer went to the barn, which was in the pasture, and one side was open with wagon sheets stretched across. He testified that he smelled mash there. He returned that night with another officer, and upon approaching the barn saw a light in it, heard a "blubbering" and "popping off" noise which he took to be the operation of a still, and smelled the mash. They entered the barn and found a still in operation with defendant and one Jim Tennison attending it. It developed on cross-examination that when there in the afternoon the deputy sheriff had a search warrant which he did not serve, and upon this fact being disclosed and objection being made, the county attorney declared that they did not rely upon the search warrant, and evidence in regard to it was excluded.

It is first urged that the jury was not sworn to try the case, but was sworn only on voir dire. This matter was first raised in the motion for a new trial, and some evidence was offered. Defendant and his attorney testified that the jury was not sworn. The court clerk and the reporter testified that the jury was sworn. The case-made recites that the jury was "impaneled and sworn." The recital in the case-made is conclusive in this court and cannot be impeached.

The principal contention is that the evidence upon which defendant was convicted was obtained by an illegal search without a warrant.

The only evidence offered by defendant was the testimony of Wayne Ashwood, son of defendant, a 15 year old boy, who was present at the time the officers appeared. He testified that his father had control of

the place; did not know whether he had any stock on it or not; that they kept some feed in the barn; did not know who owned the land, and knew that his father had it in charge because he had told him; that no one lived in the house there; that they lived about a half mile away, and his father did not have the farm the year before; that there were four barrels of mash there; that his father and Tennison were making whisky when the officers came.

The undisputed testimony being that the barn was in a pasture on premises on which no one resided, that defendant's possession was at most for agricultural purposes, that the operating of the still made a noise which could be heard for 50 yards or more, and the mash smelled for a considerable distance, and there being no question of the guilt of defendant, we are of the opinion that no error requiring a reversal is shown.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.